In the Matter of the Application of PATRICK FAY, Appellant, for a Peremptory Writ of Mandamus against JOHN N. PARTRIDGE, as Commissioner of Police of the City of New York, Respondent.

In the Matter of WILLIAM J. LAHEY, Appellant, for a Peremptory Writ of Mandamus against JOHN N. PARTRIDGE, as Commissioner of Police of the City of New York, Respondent.

In the Matter of the Application of WILLIAM COLBY, Appellant, for a Peremptory Writ of Mandamus against JOHN N. PARTRIDGE, as Commissioner of Police of the City of New York, Respondent.

*Matter of Fay* v. *Partridge,* 78 App. Div. 204, reversed.
*Matter of Lahey* v. *Partridge,* 78 App. Div. 199, reversed.
*Matter of Colby* v. *Partridge,* 78 App. Div. 639, reversed.
(Argued February 10, 1903; decided March 24, 1903.)

APPEALS from orders of the Appellate Division of the Supreme Court in the first judicial department, entered January 14, 1903, which affirmed orders of Special Term denying motions for peremptory writs of mandamus to compel the defendant to reinstate the petitioners in the position of detective sergeant in the police force of the city of New York.

*John M. Bowers* for appellants.

*George L. Rives, Corporation Counsel (Theodore Connoly* and *Terence Farley* of counsel), for respondent.

O'Brien, J. These three cases are substantially identical in their facts, and the appeals present the same question as was involved in *Matter of Sugden*, just decided (174 N. Y. 87). The general question involved is whether the amendment to the New York charter (§ 290, ch. 466 of the Laws of 1901) violates that provision of the Constitution (Art. X, section 2), which provides that "All city, town and village officers, whose election or appointment is not provided for by this constitution, shall be elected by the electors of such cities, towns and villages, or of some division thereof, or appointed by such authorities thereof, as the legislature shall designate for that purpose." The opinion of Judge Haight in the *Sugden* case has disposed of that contention and the decision in that case controls the disposition that should be made of these cases. I would, however, add one suggestion to the opinion in the *Sugden* case, and that is that the amendment of the charter in question did not create or provide for filling any office within the meaning of the Constitution. The petitioners in these cases, undoubtedly, held city offices within the meaning of the Constitution, but what was the office that they held and how did they receive the appointment? I think the office was that of policeman. They were members of the police force and as such they were regularly and legally appointed to the place by the constituted local authorities within the requirements of the Constitution. If the office that the petitioners held under the statute was that of policeman then there is no question with respect to the validity of the appointment. The amendment in question provided for the government and gradation of the police force and the name that was given to the places filled by the petitioners is not very material. The legislature may provide for the division of the police force regularly created and appointed into such separate squads as may be necessary for the preservation of the public peace and the enforcement of the laws. That, I think, was all that was intended or accomplished by the statute in question. The legislature has the power to provide that the police force shall be divided into patrolmen, roundsmen and detectives or detective sergeants or in any other way that it may judge necessary for the efficiency of the force, but legislation of that character does not,

in any proper sense, create a distinct office or provide for filling it. There may be in the police force patrolmen, roundsmen and detectives, but they are all policemen and nothing else in the eye of the law. Each of these classes or divisions of the police force does not constitute a new or distinct office. They are only parts of one single organized body. A statute that directs the manner in which certain members of the police force shall be assigned to perform certain duties does not necessarily create an office or provide for an appointment to it. The office of policeman was created before, and when the statute in question took effect the petitioners were all in office under regular and valid appointments. What the statute in question did was to provide for the organization of a bureau to be known as a detective bureau; that is to say, it provided for the assignment of a certain designated class of policemen to certain designated duties. The class so selected was called detectives, and as a body they constituted the detective bureau, but they were policemen all the time and nothing else. They exercised no powers and performed no duties except such as pertain to the police force generally. They may have been given some special advantages or privileges. They may have been clothed in a different uniform and may have been entitled to a different salary, but the office that they held was the city office of policeman. The question, therefore, is whether an act of the legislature which directs the police commissioner to maintain a detective bureau, to be selected from certain designated classes of the general police force, violates that provision of the State Constitution which forbids the legislature from appointing local officers. Unless a detective sergeant is a distinct office, separate and apart from that of policeman, it would seem to be clear that this provision of the Constitution has no application. If a detective sergeant is a distinct and separate office, then a patrolman or a roundsman or a member of the police force known and designated by some special name would be also a distinct and separate officer, and any law designating particular members of the police for the performance of some special duty would be equally violative of the Constitution. It seems to me that the statute in question

is not open to the constitutional objection suggested. It did not create any new office. It did not appoint any one to any new office. It provided for some details in the organization and government of the police force and for the assignment of a certain designated class of police officers to the performance of certain designated police duties.

When the petitioners were assigned to the detective bureau the office that they held was that of policemen. They did not cease to hold that office upon their assignment, nor were they appointed to any other office, since, if they were, it would follow that they would then hold two offices, that of policeman and detective sergeant. They still continued to hold the office to which they originally had been appointed by the local authorities. All that the statute in question accomplished was to direct or require the commissioner to maintain a bureau for some special service or police duty. The assignment of the petitioners to that duty, in obedience to the act, was not the creation of any other office than the one they already held, nor the appointment to any other office. It was simply a provision for maintaining a bureau in the police department for special service, and the fact that this bureau was to be formed from members of the force designated by classes, and to be called detective sergeants, does not bring the statute in conflict with the Constitution.

The orders of the Appellate Division and those of the Special Term should be reversed, and the prayer of the petitioners should be granted, with costs.

PARKER, Ch. J. (and GRAY, HAIGHT, MARTIN, VANN and WERNER, JJ., in result) concur.

Orders reversed, etc.