PEOPLE ex rel. BOYLE v. GREENE, Police Com'r.

(Supreme Court, Appellate Division, First Department.   November 13, 1903.)

1. MUNICIPAL CORPORATIONS—POLICE FORCE—APPOINTMENT AS DETECTIVE—
    TEMPORARY APPOINTMENT.
        3 Laws 1901, p. 122, c. 466, § 290, provided that those acting as detective sergeants on April 1, 1901, should not be reduced in rank or salary, except in case of removal as provided by law for officers of the police force.   A patrolman was assigned to duty in the detective bureau for five days, and continued in that position by respective assignments at the expiration of each five-day period.   *Held*, that he was not within the statute, since his appointment was merely temporary, and he ceased to become entitled to such position at the expiration of each five-day period.

2. SAME—EFFECT OF STATUTE—TIME.
        3 Laws 1901, p. 122, c. 466, § 290, providing that those acting as detective sergeants on April 1, 1901, should not be reduced in rank or salary, save in case of removal as provided by law for members of the police force, applied only to those who continued in that position until the act took effect in January, 1902.

Appeal from Special Term, New York County.

Mandamus by the people, on the relation of William F. Boyle, to compel Francis V. Greene, police commissioner of the city of New York, to recognize the relator as a detective sergeant.   From an order granting a peremptory writ, the police commissioner appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Terence Farley, for appellant.
Hyacinthe Ringrose, for respondent.

HATCH, J. It appears from the record in the present proceeding that prior to April 20, 1901, the relator was a patrolman upon the police force of the city of New York. On that day he was assigned to the performance of duty in the detective bureau of such police force, under the terms of the following order:

"New York, April 20th, 1901.
"Captain Titus, Detective Bureau—Dear Sir: Patrolman William F. Boyle, of Twenty-Fifth Precinct, is hereby temporarily assigned to duty in your office for five days, from 8 a. m., 20th inst.
"William S. Devery,
"First Deputy Commissioner of Police."

Pursuant to this assignment, and in accordance with its terms as to character and duration, the relator was continued in this position by respective assignments at the expiration of each five-day period up to and including August 8, 1901. On the 9th day of August, 1901, the then police commissioner of the city of New York issued an order to the force, commanding officers of precincts and squads, including the detective bureau, which, among other things, provided, "All your details and assignments of patrolmen are hereby countermanded, to take effect at 6 p. m., 12th inst." Acting under this order, the relator was relieved from his temporary assignment, and acted thereafter as a patrolman upon the police force of the city. The learned court below held that under the decisions of the Court of Appeals in Matter of Sugden v. Partridge, 174 N. Y. 87, 66 N. E. 655, and Matter of Fay v. Partridge, 174 N. Y. 526, 66 N. E. 1007, the relator became, by virtue of his assignment, entitled to the position which he occupied thereunder, and, reaching this conclusion, directed that a peremptory writ of mandamus issue, commanding his restoration to such rank, with all of the privileges and emoluments belonging thereto. We are of opinion that the relator has not brought himself within the provisions of the act which was the subject of construction by the Court of Appeals, and that he is not entitled to the writ which has been granted. We think that there are two fatal objections to his claim, and that the case of Matter of Sugden v. Partridge, supra, instead of supporting his right to the position, is a direct authority in defeat of the application. In the Sugden Case the relator therein was assigned to duty at the pleasure of the commissioner. The assignment was permanent in character, and in no sense did it fall within the definition of a temporary designation, as he might continue therein for a period of years, or during his life, as the pleasure of the commissioner should be exercised. In the case of the relator, his assignment was temporary only for the fixed period of five days, and was so expressed in the order assigning him to duty. At the expiration of the five days, he ceased, by virtue of the character of the assignment, to be authorized to perform duties as a detective ser-

'geant, and no act of the commissioner of police was necessary to effect such result. Such was the interpretation placed upon the order by his superior in authority, as continuous orders were issued at the expiration of each five days during the entire period of his assignment to duty; and, when that specified period ended, he was relieved from such position, and again performed duties as a patrolman of the police force. The character of the assignment in the Sugden Case was a controlling feature in the determination. The court said, in speaking upon this subject:

"The resolution adopted by the board of police, as we have seen, designated and assigned the petitioner to detective duty in the detective bureau, with the rank of a detective sergeant. It is not stated in the resolution that the designation was temporary. The police board is required to maintain a bureau of detectives. They are required to select and designate from the patrolmen a sufficient number to make the detective force sufficient. The patrolmen so designated under the statute are vested with the same authority and entitled to receive the same salary as sergeants of police. The designation so made may be continued indefinitely, even during the life of the person designated. True, he may be reduced to the grade of a patrolman at the option of the board, but this reserved power in the board does not operate to deprive the detective sergeant of his status as such officer during the time he is vested with the powers and duties of such office."

The court here makes clear distinction between the case of a temporary appointment and one permanent in character, and the clear inference is that the rule would not apply in the event of a mere temporary designation. In the Sugden Case it was permanent, and therefore the relator became entitled to the position. In the present case it was temporary, and therefore it expired when the temporary period ended. But further, the act did not take effect until January, 1902. The relator's temporary assignment expired on the 8th day of August, 1901. In speaking upon this subject the Court of Appeals said in the Sugden Case, supra:

"If a statute is capable of two constructions, one of which is in harmony with the provisions of the Constitution, and the other not, that should be adopted which will preserve the statute, if such construction is just as consistent with the legislative intent as the other. And in order to give effect to the Legislature's intent, words and phrases may be eliminated or supplied. We are inclined to the view that it was the intention that this provision should apply to those who continued in the position until this act took effect, but, if this were not so, the objectionable provision could be eliminated, leaving all the other provisions of the act in force, as applying to those persons filling the office at the time the act went into effect."

This language construes the statute so as to uphold it, and such construction shows that the relator is outside its provisions. He was not performing the duties of a detective sergeant when the act went into effect, and, as the construction of the act is limited to those persons who were then in office, it is clear that the relator is excluded from its benefit. It is the clear inference that this construction was essential in order to preserve this feature of the act as a constitutional enactment. In no view, therefore, is it made to appear that the relator is entitled to the benefit of the act. This conclusion renders it unnecessary to consider other and serious questions presented by the record, or to pass upon the laches insisted upon.

It follows that the order should be reversed, and the motion for the writ denied, with $50 costs and disbursements. All concur; LAUGHLIN, J., on second ground.